# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SKI SHAWNEE, INC.,

    Plaintiff,

        v.

COMMONWEALTH INSURANCE COMPANY,

    Defendant.

NO. 3:09-CV-02391

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is the Notice of Removal of Defendant Commonwealth Insurance Company and the Pennsylvania State Court Complaint of Plaintiff Ski Shawnee, Inc. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendant alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a

disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In discussing the burdens of proof necessary to establish diversity jurisdiction, the Supreme Court has held that the burden of proof is on the party seeking to bring suit in federal court to prove that jurisdiction is appropriate. *McNutt v. General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 189 (1936); *see also United Food and Commercial Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper").

When requiring the moving party to prove facts that would create diversity jurisdiction, "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt*, 298 U.S. at 189. The Third Circuit Court of Appeals has held that the preponderance of the evidence standard applies to "all facts supporting diversity jurisdiction." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 289 (3d Cir. 2006). A court can evaluate the jurisdictional facts without a hearing so long as the parties are afforded notice and a full and fair opportunity to be heard. *Id*. at 290 (citing *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1323-24 (3d Cir. 1972)).

When a defendant removes a case based on diversity of citizenship, the well-pleaded complaint rule does not apply and the "defendant may submit affidavits and deposition transcripts in support of a removal petition, and plaintiff may submit counter-affidavits and deposition transcripts along with the factual allegations contained in the verified complaint

2

in support of remand." *Munich Welding, Inc. v. Great American Insurance Company*, 415 F. Supp.2d 571, 573 (W.D. Pa. 2006).

In this case, the Plaintiff's Complaint alleges facts that would destroy diversity jurisdiction. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the entity's state of incorporation and its principal place of business. Plaintiff's Complaint alleges that the Plaintiff's principal place of business is in Pennsylvania and that Defendant is incorporated under the law of Pennsylvania. This would mean that both parties are citizens of Pennsylvania and complete diversity would be destroyed.

However, Defendant's Notice of Removal alleges that Plaintiff is a Pennsylvania Corporation with its principal place of business in Pennsylvania, but that Defendant is a corporation organized under Canadian law with its principle place of business in Vancouver, British Columbia.

Thus, it is unclear from the face of the pleadings whether diversity of citizenship exists. At this point, Defendant has not met its burden of proving by a preponderance of the evidence that diversity does exist. However, rather than have a hearing on this issue, the Court will give the parties an opportunity to present factual evidence regarding the citizenship of the parties to prove that complete diversity exists. As noted above, the burden is on the Defendant to prove that its citizenship by a preponderance of the evidence.

**NOW**, this  14th  day of December, 2009, **IT IS HEREBY ORDERED THAT** the parties will have twenty (20) days from the date of this Order to **PRODUCE FACTUAL EVIDENCE OF CITIZENSHIP** so that this Court may determine whether complete diversity of citizenship

3

exists between the parties.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge